FILED by \_\_\_\_\_ D.C.
AUG 03 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

# United States District Court For The Northern District of Alabama

Criminal Docket No. 1:94-cr-00402-1

2015 JUL 20 A 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

Daniel Angel Rodriguez
  Petitioner

V.

United States of America
  Respondent

Case No. _____
Senior Judge Robert B. Propst
(TRIAL AND SENTENCING JUDGE)

15-cv-22901-Martinez/White

## Motion For Relief Pursuant To 28 USC 2255 and 28 USC 2243

Comes now Petitioner Daniel Angel Rodriguez hereby Proceeding PRO-SE. In said cause moves this Honorable Court to grant said relief to Petitioner... And to construe filing as by a PRO-SE litigant.

cat/dlv 2255/510/Dade
Case # 94-cr-402
Judge \_\_\_\_\_ Mag paw
Motn Ifp NO    Fee pd $ NO
Receipt # \_\_\_\_\_

### Jurisdiction

Petitioner contends that Jurisdiction is Proper Pursuant to 28 USC 2255. Which allows a Federal Prisoner claiming the right to be released upon the ground that his sentence was imposed in violation of the Constitution, or Laws of the United States, or that the Sentence was in excess of the Maximum authorized by

1 of 8. Addendum attached

Law. May move the court which imposed the sentence to vacate, set aside, or correct sentence.

A one year limitation is applicable to claims filed under 2255 (F)(4)... As here Petitioners claim is timely for 2 reasons:
1st.) A newly recognized right announced by The Supreme Court that was previously unavailable and applies RETROACTIVELY to cases on collatral review. ¡ AS HERE the recent decision by the U.S Supreme Court in Johnson v. United States 576 U.S ___ 2015 ) June 26, 2015. Which for the first time ruled that the Provision of 18 U.S.C 924(e)(2)(B)(ii) was unconstitutionally vague, due to the fact the catch-all definition of Violent Felony contained in the ACCA THE Phrase: ( Presents a serious potential risk of physical injury) The court held that this indeterminacy of the wide-Ranging inquiry required by the clause denies fair notice to defendants.... And invites arbitrary enforcement by Judges... And thus, increases a defendants sentence under the clause; 924(e)(A)(B)(ii) denies due process of law.

The court further held that the residual clause fails to provide any guidance as to how much risk it takes for a crime to qualify as a "violent felony". Not only did this establish a newly recognized (denial of due process) it also interpreted the statutory provision 924(e)(2)(B)(ii) as being a provision in which leaves grave uncertainty about how to estimate the risk posed by a crime "id." Therefore Petitioner's 2255 is timely under 28 USC 2255 (3). "A right newly recognized by the Supreme Court... that was previously unavailable... and applies retroactively to cases on collateral review."

As here there is no doubt that this is a Newly recognized right, denial of due process., Secondly this right was not available prior to June 26, 2015., Thirdly: It applies Retroactively to both the statutory provision under 924(e)(2)(B)(ii) and the constitutional provision U.S Constitution Amendment 5 (due process) This is so because the decision in <u>Johnson</u> is an authoritative statement of what the statute 924(e) meant before as well as after the decision given

3 of 8   Addendum attached

rise to that construction meaning it's automatically retroactive SEE: Rivers v. Roadway Express Inc. 511 U.S 298-312-13 (1994), Bunkely v. Florida 538 U.S. 835-840-42 (2003), Fiore v. White 531. U.S 225-226 (2006) SEE also Bousley v United States 523 U.S. 614-623 (1998) holding that Teague v. Lane Anti-Retroactive test does not apply to a decision where the U.S. Supreme Court construes and interprets "an act of congress and 924(e)(IS) Such an Act. The Petitioners claim is timely under this provision.

 Petitioners claim is ALSO timely due to the fact that in light of the <u>Johnson decision</u> Petitioners Sentence exceeds the statutory maximum sentence of 10 years - Petitioner here has served over 20 years ' Thus resulting in a fundamental miscarriage of Justice... which is NOT weighed, nor has time limitations SEE: Ex Parte Lange 85. U.S. (18 Wall) at 176 " Holding ever since 1873, The U.S Supreme Court has held that the imposition of a sentence above the Statutory Maximum authorized by a statute was recognized as a Jurisdictional defect that can be corrected By Habeas... SEE: Also Bryant v.

Warden, F.C.C (Coleman) medium 738 F.3d 1253-1281, Gilbert v. United States 640 F.3d 1293 11th Cir. 2011 (en banc) holding that a claim of a sentence that exceeds the statutory maximum is cognizable under 2255.. As a miscarriage of Justice result'. It should be noted that this is not a 2nd or Successive 2255 motion" - Due to the fact the Petitioner has never had a Prior 2255 Adjudicate on the merits.. HIS Previously filed motions were dismissed on Procedural grounds And thus DO NOT COUNT as a 2255 motion SEE: Slack v. McDaniel, 529 U.S 473, 484 (2000) Gonzales v. Crosby 545 U.S 532, Holding that a Pleading/2255 habeas' that was NOT ruled on it's merits, dismissed on Procedural grounds DOES NOT COUNT towards a first filing, and that any subsequent filing is not to be considered as a Second Petition... Therefore this is Petitioner's first timely filed 2255 motion, Slack "id".

<u>Arguement, and Supporting facts</u>

Petitioner was sentenced to 272 months imprisonment based upon the determination he qualified as an Arm Career Criminal under 18 U.S.C. 924(e)... The Priors used to enhance

Petitioner were based on the ambiguous Florida Burglary Statute §810.02.

Petitioner now avers that his sentence of 272 month exceeds the statutory maximum of 10 years, due to the recent decision by the U.S Supreme Court in Johnson v. United States 576 US ___ 2015, Declaring the Provision 924(e)(2)(B)(ii) is unconstitutionally vague, and denies Due Process. Petitioner further contends that his sentence was based upon the finding that his Prior Unoccupied/and Attempted domestic Burglary to his own home under Florida Statute 810.02 were violent felonies that "present a potential for violence" SEE US v. Mathew 466 F.3d. 1231 (11th Cir. 2006) holding that even though Florida Burglary Statute was broader the Generic Burglary under Taylor v. United States 495 U.S 575 (1990) A defendant does not escape the residual clause of a potential for substantial risk of Physical injury; Under 924(e)(2)(B)(ii). This is the Provision The United States Supreme Court declared unconstitutional, long oppressed by the ACCA Statute. TODAY the Petitioner could reap the benefits of the Johnson decision. Because

6 of 8 . Addendum attached

his sentence far exceeds the statutory maximum of 10 years based upon the clear interpretation of the intervening Johnson decision. And In light of the long standing holding by the U.S Supreme Court" holding that ever since 1873 the U.S Supreme Court has held that the imposition of a sentence above the statutory maximum authorized by statute was recognized as a jurisdictional defect that can be corrected by habeas; SEE EX PARTE LANGE 85. US (18 wall) at 176. SEE also Bryant v. Warden F.C.C, Coleman Medium 738 F 3d 1253-1281 (11th Cir. 2013) Gilbert v. United States 640 F.3rd 1293 (11th Cir 2011) EN BANC.

    Herein due to the recent U.S Supreme Court ruling - Petitioner is now serving a sentence in excess of the 10 years for the offense/conviction under 922(g)(1). As Such Petitioner prays this court rushes relief, for Petitioner is criminally and illegally incarcerated, with over 20 years of incarceration for a mere firearm conviction. The Petitioner beg's for mercy as the court deems just.   Respectfully Submitted

7/13/15

Daniel Angel Rodriguez

7 of 8

## Certificate of Service

I do hereby certify that a true and correct copy of this forgoing 28 USC 2255 was placed in the USP Lewisburg mailing system on this 12th day of July 2015 Certified No. 7001 1940 0005 6749 6029. to Sentencing Judge address below: All said is true pursuant to 28 USC 1746

Daniel Angel Rodriguez
48128-004
USP Lewisburg
PO BOX 1000
Lewisburg PA 17837

Judges Address:
Honorable Judge Mr. Robert B. Propst
1729 Fifth Ave. North
Room 140
Birmingham AL 35203-2000

Date: 7-13-15

8 of 8 . Addendum attached

Addendum

## Main Issue of Contention, §810.02 Florida Burglary Statute:

The Burglary statute under the laws of the State of Florida do not qualify as a Predicate offense under the Arm Career Criminal Act (ACCA) enumerated clause. Yet, Prior to the recent Supreme Court ruling in Johnson,- The Florida Burglary Statute ONLY satisfied the 924(e) (ACCA) enhancement provision under the "residual clause", being the Potential for violence. SEE: Taylor v. U.S 495 U.S 575, 1990., U.S v. Matthews 466 F.3rd 1231 (11th Cir. 2006)., James v. U.S 550 U.S 192 2007., Spells v. U.S 44 F.3rd 936 (11th Cir. 1995).

Now that the U.S Supreme Court cut the Gordian knot of the "residual clause" of the Arm Career Criminal Act by declaring the clause unconstitutionally vague in Johnson v. United States. Petitioner does not have

(Addendum 1 of 2)

the required three prior convictions for a "violent felony" under 924(e)(1) a term defined by §924(e)(2)(B) residual clause. And for the aforementioned reasons his enumerated offense of Burglary is a nonqualifying predicate offense. Thus Petitioner's sentance exceeds the statutory maximum allowed by Law.

Date: 7-13-15

Petitioner,
Daniel Angel Rodriguez

(Addendum 2 of 2)

Inmate Name: Miguel Rodriguez A
Register Number: 48128-004
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837



7007 2680 0000 8291 2853

CERTIFIED MAIL

Legal Mail
Re: CR-94-402
82255/2020

United State Courts Of
The Florida Southern District
Office of The Clerk,
Wilkie D. Ferguson, Jr.
United States Court House,
400 North Miami Ave.,
Room 8
Miami Florida 33128



U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837
DATE

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURIS-DICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

Legal Mail

7/27/15