# United States District Court, Southern District of Florida

Daniel A. Rodriguez,
  Movant,

V.

United States of America,
  Respondent.

FILED by _AP_ D.C.
AUG 21 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

Case No. 15-22901-CIV-Martinez
(94-402-cr-Martinez)
Magistrate Judge
P.A. White

## Motion for reconsideration of Bond.

Here comes Pro Se Petitioner asking this Honorable Court, In the name Justice, to revisit his merit motion for Bond.

Petitioner here respectfully disagrees with Courts categorized _Denial order_. Humbly beg's this Court to revisit BOTH, _Bond Petition_ and _Bond Amendment_. Both applications, together, disproves this Court's denial ORDER and it's disposition in it's entirety.

Courts have the inherent power to grant release on bail to a habeas Petitioner properly contesting the legality of his custody. <u>Ostrer v. U.S.</u> 584 F.2d 594, 597 n.1 (2nd Cir. 1978). For the court to exercise that power, Petitioner here, in his motion for bail release, show a "<u>demonstrated likelihood</u>" his Petition will prevail, or demonstrate merits in his favor such that his success "can be predicted with confidence". <u>Harris v. U.S.</u> No. 97 Civ. 1904, 1997 U.S. Dist. LEXIS 7106, 1997 WL 272398, *1 (S.D.N.Y. 1997), (quoting <u>Richard v. Abrams</u>, 732 F. Supp. 24, 25 (S.D.N.Y)(1990)).

Petitioner here asserts that in his initial Bond motion, <u>coupled with subsequent Bond addendum</u> he categorically underlines all criterias necessary to satisfy the courts exceptions. In the interest of Justice the granting of bail is necessary to to make the habeas remedy effective. SEE <u>Aronson v. May</u>, 13 L Ed 2d 6, 85 S Ct 3 (1964)

Grounds thoroughly covered in Pro Se Petitioner <u>Bond Motion</u> and <u>Bond Addendum</u>:

- Petitioner shows that his filed §2255 is timely, and retroactive in light of the <u>Johnson</u> decision, which is a new statutory interpretation.,
- Petitioner shows that his filed §2255 is NOT a <u>Second</u> or <u>Successive</u>, being that Prior §2255 filed were never ruled on there merits, <u>SEE Boyd v. U.S. 754 F3d.1298-1302 (11th Cir. 2014).</u>,
- Petitioner further shows that the Priors used to enhance Petitioner's under the now Partially defunct ACCA statute are no-longer Predicate offenses under 924(e). He graphically defines WHY and HOW.

Being the aforementioned the miscarriage of Justice on Petitioner is so Profound, because Petitioner

has been incarcerated over 10 years above the statutory maximum <u>for his mere 922(g)(1) conviction</u>: Felon in possession of a firearm.

Petitioners Pro Se §2255, now pending before this court, expressly proves/demonstrates exceptional circumstances necessitating his release, as well that his Constitutional argument will NOT have a high probability of success <u>But rather incontrovertible success</u>. If of course, judged impartially and to the letter of the law.

So In the name of Justice and fairness ▪ Petitioner ask's this Honorable Court to revisit Movants motion for bond <u>AND</u> subsequent supporting bond addendum. At this juncture to not grant BOND relief would prove tantamount to torture.

Humbly Submitted,

8-12-15

▪

4 of 5

Daniel A. Rodriguez, 48128-004
USP Lewisburg,
PO BOX 1000, Lewisburg PA 17837

## Affidavit

Under 28 U.S.C 1746, The Penalty of Perjury, I the Petitioner Daniel A. Rodriguez in said cause HEREIN, do Swear that this <u>Motion for Reconsideration OF BOND</u> is true and correct to the best ability of Petitioner, and Pro Se litigant.

Sincerely Submitted,

Daniel A. Rodriguez
#48128-004, USP Lewisburg
P.O. Box 1000
Lewisburg PA 17837

8-12-15

Daniel A. Rodriguez, 48128-004
United States Penitentiary Lewisburg
PO BOX 1000
Lewisburg PA 17837

United States District Court
Southern District of Florida
Office of the Clerk
Room 8N09
400 North Miami Avenue
Miami, Florida 33128-7716





7014 1200 0000 2727 4549

