United State District Court
Of the Southern District of
Florida.

Daniel A. Rodriguez,
Petitioner

V.

United States of America
Respondent

Case No. 1:15-cv-22901-JEM

FILED by ~~SAS~~ D.C.

AUG 31 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

Addendum : To Petition for BOND,
And to filed motion for BOND
reconsideration, in light of, 11th
Circuit Court of Appeals ruling.

Here comes ProSe Petitioner in the
interest of Justice. beseeching this honorable
Court to **GRANT** Petitioner bond, Pending
Petitioner's initial §2255 determination.,
Release Should be granted Pending
Post conviction review "only when the
Petitioner has raised substantial constitutional
claims upon which [S]he has a high Probability
of Success, and also when extraordinary
or exceptional circumstances exist which
make the grant of bail necessary to make

the <u>habeas</u> remedy effective." <u>Calley v.</u>
<u>Callaway</u>, 496 F.2d 701, 702 (5th Cir. 1974)

Petitioner in his motion for BOND
and Petition for BOND reconsideration,
aswell in his <u>initial §2255</u> filing... clearly
and thoroughly covers every facet required
to merit GRANTING bail relief, pending
District Court inevitable resolution. Albeit
Petitioner postulated (Pre-filing) the
11th Circuit interpretation in the recent
decision by the U.S Supreme Court in
<u>Johnson v. United States</u> 576 U.S ___
2015.

Here Petitioner moves to quash his
surmised extrapolation of this Courts
interpretation in <u>Johnson</u>., And fashion
his Petition<u>s</u>' before this Honorable Court
with the recent opinion from the 11th Cir.
court of appeals (<u>In re Rivero, No.15-13089-C,</u>
8/12/15); Page 10 of said opinion. The court
wrote "If <u>Rivero</u> - like the Petitioner in
<u>Bousley</u> - were seeking a <u>FIRST</u> collateral
review of his sentence, the new sub-
stantive rule from <u>Johnson</u> would apply
retroactively."

The Court in Rivero ended all speculations surrounding retroactivity, as pertaining to initial collateral reviews of a sentence. Unlike Rivero: Petitioner here is filing his "FIRST collateral review of his Sentence Pursuant to his §2255 before this court.

Petitioner now explains (as he has within both Petitions Pending before this court) why neither of his Previously filed §2255 render his Pending §2255 a Second or Successive... SEE US Court of Appeal, 11th Circuit, Steven Bernard Boyd v. U.S, 754 F.3d 1298; 2014 U.S. App. Lexis 11445; 24 Fla. L. Weekly Fed. C. 1463, June 18, 2014, Decided. In Boyd neither of his Previously (3) filed §2255 Petitions render his fourth §2255 motion Successive. This is because Second or Successive Status only attaches to a Judgment on the merits. SEE Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S.Ct. 1595, 1604-05, 146 L. Ed. 2d 542 (2000) ("A habeas Petition filed in the district Court after an initial habeas Petition was unadjudicated on its merits...

3 of 5

is NOT a Second or Successive Petition."); SEE also Dunn V. Singletary, 168 F.3d 440,441 (11th Cir. 1999) ("When an earlier habeas Corpus Petition was dismissed without Prejudice, a later Petition is NOT "Second or Successive for Purposes of § 2244(b)"). A § 2255 motion that is dismissed as Second or Successive has not been resolved on the merits. See Humphrey V. U.S, 766 F.2d.1522, 1524-25 (11th Cir. 1985) SEE Stewart V. US, 646 F.3d 856 (11th Cir. 2011). Lastly SEE Panetti V. Quarterman, 551 U.S 930, 943-44, 127 S.Ct. 2842, 2853, 168 L.Ed. 2d 662 (2007) and Medberry V. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003)

Petitioner Previously Filed (2) § 2255 Petitions, neither of which was denied on their merits. Therefore, as defined in the afore-mentioned supporting cases, Petitioner's current § 2255 (before this Court) can-not be Construed as a Second or Successive.

 Compounding the above facts, and the reality that Petitioner has Served over 20 years of incarceration, which

4 of 5

translates to being imprisoned 10 years above the statutory maximum allowed by law on his mere §922(g) crime of conviction.

For the reasons outlined herein, and also defined within his Pending Petition's. The bail element of having a high Probabifity of success is incontrovertibly met. "The granting of Bail is necessary to make a habeas remedy effective." Thus to deny such relief would prove a crime onto itself.

Therefore Pro Se Petitioner Pleads to this Honorable Court to GRANT Said relief.

Sincerely Submitted

Daniel A. Rodriguez
48128-004
USP Lewisburg
PO BOX 1000
Lewisburg PA 17837

Date: 8/25/15

5 of 5



CERTIFIED MAIL™

Inmate Name: Daniel A. Rodriguez

Register Number: 48128-004

United States Penitentiary

P.O. Box 1000

Lewisburg, PA 17837

United States District Court
Southern District of Florida
Office of the Clerk, Room 8N09
400 North Miami Avenue
Miami, Florida 33128-7714

Legal Mail

U.S. PENITENTIARY
P.O. BOX 1000
LEWISBURG, PA 17837   AUG 26 2015

DATE _____

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS BEEN NEITHER OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURIS-
DICTION, YOU MAY WISH TO RETURN THE MATERIAL
FOR FURTHER INFORMATION OR CLARIFICATION. IF
THE WRITER ENCLOSES CORRESPONDENCE FOR
FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN
THE ENCLOSURE TO THE ABOVE ADDRESS.